UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gaytri Inc., *et al.*,

    Plaintiffs,

    v.

Emilio T. Gonzalez, *et al.*,

    Defendants.

Case No. 1:07cv169

Judge Michael R. Barrett

**ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. 4) and Plaintiffs' Response (Doc. 7). Defendants have not filed a Reply.

**I.     BACKGROUND**

This case involves Plaintiff Gaytri Inc. and its Immigrant Petition for Alien Worker application for its employee, Plaintiff Vasantlal Patel. Gaytri Inc., a franchise owner of Dunkin Donuts in Cincinnati, filed an I-140 Immigrant Petition for Alien Worker application on August 30, 2004. (Doc. 1, Ex. 2) Patel filed an I-485 application for Adjustment of Status to Legal Permanent Resident on August 30, 2004. (Doc. 1, Ex. 4) Plaintiffs maintain they have exhausted their administrative remedies. (Doc. 1, ¶ 7) Plaintiffs have asked the Court to enter an order requiring Defendants to adjudicate Plaintiffs' applications and award Plaintiffs reasonable attorney's fees. (Doc. 1, ¶ 16)

Defendants' Motion to Dismiss maintains that the Plaintiffs' matter is now moot because the relief requested in the Complaint was granted with the agency's intent to deny notification dated April 24, 2007, and any rebuttal is now appropriate within the agency, not

this Court.[1] (Doc. 4) Plaintiffs' Response maintains that the United States Citizenship and Immigration Services ("USCIS") issued an Intent to Deny notice providing thirty days to respond with any rebuttal evidence, and that Plaintiffs submitted a timely rebuttal, and therefore the case is still pending. (Doc. 7 at 2). Plaintiffs maintain that USCIS has not yet forwarded a final decision on this case. (Doc. 7 at 2).

However, the Court notes that the USCIS on-line case status search shows that on June 11, 2007 USCIS mailed a notice that the I-140 Immigrant Petition for Alien Worker application had been approved. The case status search also shows that a fingerprint review has been completed with regards to the I-485 application.

## II. ANALYSIS

### A. Case or controversy

A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7, (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id*. (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477).

According to Plaintiffs' Complaint, the relief sought with respect to the petitions was a writ of mandamus to compel adjudication as well as damages for the additional filings

---

[1] The Notification of Intent to Deny attached to the Motion to Dismiss, Exhibit A is for Gaytri's I-140 Immigrant Petition for Alien Worker application and not for Patel's I-485 Adjustment of Status application. The Court understands that if the I-140 application is denied then the I-485 will also be rejected.

and fees for work authorization during the time the application was pending. Patel's pending I-485 application and the claims for damages provide Plaintiffs with a personal stake in the outcome of the suit. Accordingly, the Court does not dismiss the case as moot. Instead, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims.

### B.  Subject matter jurisdiction

The question of subject matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992). Federal Rule of Civil Procedure 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Plaintiffs assert jurisdiction based on 28 U.S.C. § 2201 (Declaratory Judgment Act); 28 U.S.C. § 1331 (federal question statute); 28 U.S.C. § 1361 (Mandamus Act); and 5 U.S.C. § 701 (Administrative Procedure Act).

#### 1.  Declaratory Judgment Act

The Declaratory Judgment Act does not provide an independent basis for subject-matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, (1950).

#### 2.  Federal question statute

Similarly, the federal question statute does not provide an independent basis of jurisdiction, but states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

#### 3.  Mandamus Act

Mandamus jurisdiction is governed by 28 U.S.C. § 1361, which states that "[t]he

district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, mandamus relief is an "extraordinary remedy" that "will issue only to compel the performance of '"a clear nondiscretionary duty."' *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988), *quoting Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also In Re Parker*, 49 F.3d 204, 206 (6th Cir. 1995) (stating "[m]andamus is a drastic remedy, to be invoked only in extraordinary situations where [plaintiff] can show a clear and indisputable right to the relief sought"). Specifically, mandamus relief is proper where the plaintiff can show that (1) the plaintiff has a "'clear and certain claim'" to the relief sought; (2) the defendant official has a "'nondiscretionary, ministerial' duty to act 'so plainly prescribed as to be free from doubt'"; and (3) "'no other adequate remedy [is] available.'" *Anjum v. Hansen*, No. 06-00319, 2007 WL 983215, at *3 (S.D. Ohio Mar. 28, 2007) (unpublished), *quoting Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1988); *see also Heckler*, 466 U.S. at 616-17.

Some district courts have found that USCIS has a nondiscretionary duty to adjudicate an I-485 application. *See, e.g., Li Duan v. Zamberry*, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. 2007); *Tang v. Chertoff*, 2007 WL 2462187 (E.D.Ky. Aug. 29, 2007) (finding that even though USCIS's ultimate decision on the merits of an I-485 application is discretionary, USCIS has a non-discretionary duty to reach its decision on an I-485 application, whatever that decision may be, within a reasonable time). However, this Court has found that the USCIS does not have a nondiscretionary duty to process I-485 an application. *See Fonov v. Gonzales*, 2007 WL 2815451, at *7 (S.D. Ohio Sept. 25, 2007) (slip op.); *XU v. Gonzales*, 2007 WL 2815449, at *7 (S.D. Ohio Sept. 25, 2007) (slip op.);

*but see Yan Yang v. Gonzales*, 2007 WL 1726501 (S.D. Ohio June 11, 2007) (finding mandamus jurisdiction to instruct defendants to perform their duty to process I-485 applications).

As this Court has previously noted, the adjustment of alien status in within the sole discretion of the Attorney General. *See* 8 U.S.C. § 1255(a) (Supp. 2007).[2] Furthermore, the Immigration and Nationality Act lacks a mandatory time constraint by which an application must be adjudicated. *See Shen v. Chertoff*, 2007 U.S. Dist. LEXIS 49546, at *7 (E.D. Mich. July 9, 2007); *Patel v. Chertoff*, 2007 WL 1223553, at *3 (E.D. Mo. Apr. 24, 2007) (stating "[t]here is no statutory or regulatory limit on the time that USCIS may take in evaluating an alien's I-485 application to adjust status to permanent resident"); *Elzerw v. Mueller*, No. 07-00166, 2007 U.S. Dist. LEXIS 30429, at *2 (E.D. Pa. Apr. 23, 2007) (stating "[n]either the statute nor enabling regulations establish a time frame . . . to adjudicate such an application"); *Safadi v. Howard*, 466 F. Supp. 2d 696, 699 (E.D. Va. 2006) (stating "[n]owhere in [§ 1255(a)] is there any reference to time limits for the processing of adjustment of status applications or the need for expedition in doing so"). As several federal district courts have found, the "absence of any such reference is consistent with, and confirmatory of, Congress' intent to confer on USCIS discretion over not just the adjustment of status decision, but also the process employed to reach that

---

[2]The INA states:

The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . .

result, and to exclude from judicial review the exercise of all that discretion." *Safadi*, 466 F. Supp. 2d at 699.

Based on the foregoing, the Court concludes that the Attorney General has discretion in processing an application for adjustment of status, and this Court lacks subject-matter jurisdiction to grant a writ of mandamus.

### 4. Administrative Procedure Act

The APA, by itself, does not provide an independent basis for subject-matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105-06 (1977). However, 28 U.S.C. § 1331, in conjunction with the APA, does allow federal district courts to establish subject-matter jurisdiction. The APA allows courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (2007).

However, the APA states that a plaintiff cannot seek to compel "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2) (2007). As this Court determined above, the USCIS has discretion not only over the adjustment of status decision, but also the process employed to reach that result. Therefore, the APA does not permit this Court to compel USCIS to adjudicate an I-485 application within any sort of time frame. *Fonov*, 2007 WL 2815451, at *5.

Moreover, the present case is not one where Defendants have taken no action or have refused to act on Plaintiffs' application. *Id.* There is no indication that the USCIS has unlawfully withheld or unreasonably delayed action on their applications; and Plaintiffs have not alleged that the USCIS has acted in bad faith or "remained completely idle." *Accord Shen,* 2007 U.S. Dist. LEXIS 49546, at *7; *Patel*, 2007 WL 1223553, at *3. As the Court noted above, on June 11, 2007 USCIS mailed a notice that the I-140 Immigrant

Petition for Alien Worker application had been approved; and a fingerprint review has been completed with regards to the I-485 application.

In accordance with the foregoing, Defendant's Motion to Dismiss (Doc. 4) is **DENIED**; but this matter is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  *Gaff v. Federal Deposit Insurance Corp.*, 814 F.2d 311, 319 (6th Cir. 1987) (where court lacks subject matter jurisdiction, proper course of action is to dismiss complaint without prejudice).  This matter shall be terminated from the docket of this Court.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                      Michael R. Barrett, Judge
                                      United States District Court